UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GEORGE BELL MCCURTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:14-cv-13-HSM-SKL |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff George Bell McCurty, acting pro se, filed a civil action on January 9, 2014, that appears to challenge an unfavorable decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability benefits [Doc. 2]. Plaintiff, who was incarcerated at the time he filed his complaint, also submitted an application to proceed in forma pauperis [Doc. 1]. Under the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915, the Court, after finding that Plaintiff was unable to pay the filing fee, authorized the commencement of the civil action without prepayment of the filing fee and also ordered Plaintiff to inform the Court immediately of any change in his address [Doc. 3]. Specifically, Plaintiff was informed that "[a]ny failure to provide a correct address to this Court within ten (10) days following any change of Defendant's address may result in the dismissal of this action." [Doc. 3]. The Clerk of Court also sent a service package, including three summons and three USM 285 Forms for Social Security Administration, the United States Attorney, and the United States Attorney General, to Plaintiff on January 17, 2014 [Doc. 3].

Only a summons for service on the Office of Disability was returned by Plaintiff to the Clerk's Office. Thereafter, on April 16, 2014, Form USM 285 was filed with the Court indicating

service via certified mail on the Office of Disability Adjudication and Review, 5107 Leeburg Pike, Falls Church, VA, with an attached return receipt card indicting delivery took place on March 31, 2014 [Doc. 4].

Because more than 120 days had passed since the filing of the complaint and it appeared Plaintiff had not properly served Defendant, Plaintiff was ordered on July 24, 2014, to show cause of why this action should not be dismissed within ten days [Doc. 5]. The Order to Show Cause was mailed to Plaintiff at the address he provided, the Hamilton County Jail. The mail was returned to the Clerk of Court as not delivered with a notation that Plaintiff was "not in custody." [Doc. 6].

Because Plaintiff has not timely responded to the Show Cause Order, has not properly served Defendant pursuant to Rule 4(I) of the Federal Rules of Civil Procedure, has not sought additional time to effect service, and has not notified the Court of any change of address which leaves the Court with no way to communicate with Defendant, I **RECOMMEND**[1] that the Court **DISMISS** his suit and close the case.

                                       s/ *Susan K. Lee*
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).